UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No.    21cr10332 |
| ) | Violations: |
| v.                                         ) | |
| ) | **Count One**: Bank Fraud |
| JOANNE DINOTO,                  ) | (18 U.S.C. § 1344) |
| a/k/a "Joanne Mara,"            ) | |
| ) | **Counts Two-Three**: Wire Fraud |
| Defendant        ) | (18 U.S.C. § 1343) |
| ) | |
| ) | **Count Four**: Aggravated Identity Theft |
| ) | (18 U.S.C. § 1028A(a)(1)) |
| ) | |
| ) | **Bank Fraud Forfeiture Allegation**: |
| ) | (18 U.S.C. § 982(a)(2)) |
| ) | |
| ) | **Wire Fraud Forfeiture Allegation**: |
| ) | (18 U.S.C. § 981(a)(1)(C) and |
| ) | 28 U.S.C. § 2461) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1.      Defendant JOANNE DINOTO, a/k/a "Joanne Mara," was an individual who resided in Chelmsford, Massachusetts and Tewksbury, Massachusetts.

2.      Company A was a flooring company based in Acton, Massachusetts.

3.      Citizens Bank was a financial institution as defined in 18 U.S.C. § 20.

4.      DINOTO worked as a part-time bookkeeper for Company A.  In this role, DINOTO was responsible for, among other things, Company A's payroll, as well as tracking Company A's invoices and deposits using QuickBooks accounting software.

5.     Company A provided DINOTO with a corporate American Express card (the "AMEX Platinum Card"). DINOTO was authorized to use the AMEX Platinum Card to make occasional purchases for Company A, including office supplies. DINOTO was not authorized to use the AMEX Platinum Card for personal expenditures. In or about late 2015 or early 2016, the owner of Company A directed DINOTO to cancel the AMEX Platinum Card.

6.     Company A maintained a checking account ending in 9842 at Citizens Bank. The owner of Company A was an authorized signer on the 9842 account. DINOTO was not an authorized signer on the 9842 account.

<u>Scheme to Defraud</u>

7.     Beginning no later than December 2013 through in or about April 2020, DINOTO stole more than $1.8 million from Company A by (a) using Company A's corporate AMEX Platinum Card for personal expenditures; (b) inflating her compensation; and (c) forging checks written on Company A's 9842 account.

8.     As part of the scheme, DINOTO improperly charged personal meals, travel, groceries, and entertainment, among other things, on Company A's AMEX Platinum Card, including after Company A's owner directed her to cancel the card. DINOTO paid the AMEX Platinum Card bills from Company A's 9842 account.

9.     DINOTO also improperly inflated her compensation by falsifying the number of hours per week she purportedly worked and increasing her hourly rate, without authorization. DINOTO also added phony "reimbursements" to her paycheck for purported expenditures she did not make.

2

10.     On at least two occasions, DINOTO wrote checks to herself on Company A's 9842 account and forged Company A's owner's signature on the checks.  One of these checks was deposited into an account in DINOTO's name ending in 6011 at TD Bank.

11.     To conceal her scheme, DINOTO did not enter all deposits into Company A's QuickBooks and deleted invoices from QuickBooks, in order to hide the fact that the funds she embezzled were ever received by Company A.

<u>COUNT ONE</u>
Bank Fraud
(18 U.S.C. § 1344)

The Grand Jury charges:

12.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-11 of this Indictment.

13.     On or about July 30, 2019, in the District of Massachusetts and elsewhere, the defendant,

JOANNE DINOTO, a/k/a "Joanne Mara,"

did knowingly execute and attempt to execute a scheme and artifice to defraud a federally insured financial institution, that is, Citizens Bank, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of Citizens Bank, by means of materially false and fraudulent pretenses, representations, and promises, in that defendant, without authorization, issued Check No. 21095, made payable to her in the amount of $5,431.00, drawn on Company A's 9842 account, and deposited the check into defendant's TD Bank account ending in 6011.

All in violation of Title 18, United State Code, Section 1344.

## COUNTS TWO-THREE
Wire Fraud
(18 U.S.C. § 1343)

The Grand Jury further charges:

14.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-11 of this Indictment.

15.     On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

JOANNE DINOTO, a/k/a "Joanne Mara,"

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|-------|------------------|-------------|
| 2 | December 20, 2019 | $9202.76 payment of Company A's AMEX Platinum Card from Company A's 9842 account |
| 3 | March 20, 2020 | $800 payroll payment from Company A's 9842 account to DINOTO's 4545 account at Lowell Five Cents Savings Bank |

All in violation of Title 18, United State Code, Section 1343.

## COUNT FOUR
Aggravated Identity Theft
(18 U.S.C. § 1028A(a)(1))

The Grand Jury further charges:

16.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-11 of this Indictment.

17.     On or about July 30, 2019, in the District of Massachusetts and elsewhere, the defendant,

JOANNE DINOTO, a/k/a "Joanne Mara,"

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, bank fraud, in violation of 18 U.S.C. § 1344, as set forth in Count One above.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

BANK FRAUD FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(2))

18.     Upon conviction of the offense in violation of Title 18, United States Code, Section 1344, set forth in Count One, the defendant,

JOANNE DINOTO, a/k/a "Joanne Mara,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense.

19.     If any of the property described in Paragraph 18, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendant --

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property described in Paragraph 18 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

7

<u>WIRE FRAUD FORFEITURE ALLEGATION</u>
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

20.     Upon conviction of one or more of the offenses in violation of Title 18, United

States Code, Section 1343, set forth in Counts Two and Three, the defendant,

JOANNE DINOTO, a/k/a "Joanne Mara,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C),

and Title 28, United States Code, Section 2461(c), any property, real or personal, which

constitutes or is derived from proceeds traceable to the offenses.

21.     If any of the property described in Paragraph 20, above, as being forfeitable

pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code,

Section 2461(c), as a result of any act or omission of the defendant --

        a.   cannot be located upon the exercise of due diligence;

        b.   has been transferred or sold to, or deposited with, a third party;

        c.   has been placed beyond the jurisdiction of the Court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be divided without
            difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the defendant up to the value of the property described in Paragraph 20 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United

States Code, Section 2461(c).

8

A TRUE BILL

_____
FOREPERSON

_____
KRISTEN A. KEARNEY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS


District of Massachusetts: November __9th__, 2021
Returned into the District Court by the Grand Jurors and filed.

          \s\ Leonardo T. Vieira
          _____
          DEPUTY CLERK

9